UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MUKHABBAT JAKHONOVA,<br>A# 221 181 582, BY NEXT FRIEND<br>ASHRAF ZAKIROV, PRESIDENT,<br>CENTRAL ASIAN FOUNDATION INC., | § § § § § | |
| Petitioner, | § § | SA-26-CV-01380-JKP |
| v. | § § | |
| KRISI NOEM, Secretary of the U.S.<br>Department of Homeland Security, ET AL., | § § § | |
| Respondents. | § § | |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Ashraf Zakirov, President, Central Asian Foundation Inc., as "next friend" on behalf of Mukhabbat Jakhonova. (ECF No. 1). Jakhonova is currently detained at the Dilley Immigration Processing Center. (*Id.*). Upon review, the Court orders Zakirov, for the reasons stated herein, to show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Jakhonova's release from detention, was filed on her behalf by Zakirov as "next friend." (ECF No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Zakirov has not demonstrated standing to initiate this action on behalf of Jakhonova. (ECF No. 1).

Zakirov does not explain his connection to Jakhonova nor does he provide any basis for next–friend standing. (*Id.*). The Court finds Zakirov has failed to establish a legal basis for next–friend standing. *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*,

No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). It cannot be said that Jakhonova, by mere virtue of her detention, lacks access to this Court. She has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Zakirov could establish standing to bring this action as "next friend" on behalf of Jakhonova, as a non–attorney he is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Zakirov*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent [herself] or be represented by an attorney,' because § 1654 says [s]he can." *Id.* "On the other hand, [s]he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent [herself] or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Jakhonova may represent herself in this matter, but

she may not be represented by Zakirov, a non–attorney; rather, Jakhonova must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within twenty–one (21) days of the date of this Order**, Ashraf Zakirov, President, Central Asian Foundation Inc., must show cause why this case should not be dismissed.

**If Ashraf Zakirov, President, Central Asian Foundation Inc., fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Mukhabbat Jakhonova at the Dilley Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Ashraf Zakirov, President, Central Asian Foundation Inc., by certified mail, return receipt requested, at the following address: 4027 18th Avenue, Brooklyn, NY, 11218.

It is so **ORDERED**.

SIGNED this 9th day of March, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3